# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, HAYES, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DARREN M. GALE**
**United States Army, Appellant**

ARMY 20230142

Headquarters, 7th Infantry Division
Matthew S. Fitzgerald, Military Judge
Lieutenant Colonel Aaron L. Lykling, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Captain Tumentugs D. Armstrong, JA; Major Cody Cheek, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Major Cody Cheek, JA (on reply brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Colonel Christopher B. Burgess, JA; Major Chase C. Cleveland, JA (on brief).

21 March 2024

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAYES, Judge:

Appellant asserts three errors before this Court, one of which merits brief discussion but ultimately no relief.[1][2] While we find ninety days to forward the convening authority action to the military judge as excessive in this case, appellant

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

[2] Appellant's second assigned error addresses the need for an administrative correction to the Entry of Judgment; we correct this error below. Appellant's third assigned error addresses a missing court-martial convening order which has since been attached to the record and is therefore moot.

was neither prejudiced by the delay nor was it so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system, and sentencing relief is not warranted.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 920. The military judge sentenced appellant to a dishonorable discharge, seventeen months confinement, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence in appellant's case.

The military judge sentenced appellant on 20 March 2023. Appellant submitted post-trial matters on 29 March 2023, and on 6 April 2023 the convening authority took no action on the findings and sentence. The military judge did not receive the convening authority's action until 5 July 2023, ninety days after the convening authority's decision to take no action. The military judge completed the entry of judgment on 6 July 2023, and the record of trial was forwarded to this court on 11 July 2023.

## LAW AND DISCUSSION

This case, and particularly the government's appellate brief, presents an opportunity to re-emphasize our opinion in *United States v. Winfield*, 83 M.J. 662 (Army Ct. Crim. App. 2023). Where *Winfield* overruled the 150-day timeline for appellate review outlined in *United States v. Brown*, 81 M.J. 507 (Army Ct. Crim. App. 2021), it also – we thought – made it clear excessive delay could occur in *less* than 150 days, and at *any* stage of the post-trial process. *Winfield*, 83 M.J. at 666.

While Article 66(d)(2), UCMJ, concerns itself solely with delays after the entry of judgment, we continue to "reject any argument that Article 66(d)(2), UCMJ, somehow cabins our broad and well-established sentence appropriateness authority under Article 66(d)(1), UCMJ, to provide relief for dilatory post-trial processing occurring at other phases of a court-martial." *Brown*, 81 M.J. at 511 n.2.

In *Winfield*, we encouraged the government to move with alacrity at *all* stages of the post-trial process, and to document any significant delays. Despite that clear guidance, the government asserts that no explanation is necessary in this case, because it contends no delay has occurred, let alone excessive delay.

While the government is correct it would be inappropriate to grant relief under Article 66(d)(2) in this case, a due process violation can occur at any time, not

just after entry of judgment. Similarly, whether a delay is egregious enough to warrant relief under Article 66(d)(1) does not depend on whether the delay occurred before or after entry of judgment. To hold otherwise would prevent recourse if the government delayed delivery of the convening authority's decision on action to the military judge in order to prevent triggering Article 66(d)(2) protections. This would be inconsistent with Rule for Courts-Martial [R.C.M.] 1109(d)(3)'s requirement for prompt transmission of the convening authority's declination to act to the military judge.

In this case, the delivery of the convening authority's declination to act was anything but prompt. As appellant noted, it took the government three full *months* to deliver the convening authority's decision to the military judge, which precipitates the entry of judgment. Applying the factors outlined in *Barker v. Wingo*, that portion of the otherwise timely processing of appellant's case was not just delay, it was excessive, and merited justification the government declined to provide. 407 U.S. 514, 530-33 (1972). Furthermore, appellant demanded speedy post-trial processing. However, appellant has not established prejudice, nor do we find any.

Where there is no finding of prejudice, a due process violation only occurs when, "in balancing the other three [*Barker*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). A 90-day delay within an overall processing time of 123 days is not severe enough to taint public perception of the military justice system. This case does not involve years of post-trial delay as we have unfortunately seen in other cases. While no explanation for the delay was provided, there is no indication of bad faith on the part of any of the Government actors to circumvent appellant's post-judgment protections. Given those considerations, and the otherwise appropriateness of appellant's sentence, we decline to grant relief.

## CONCLUSION

On consideration of the entire record the findings of guilty and the sentence are AFFIRMED. [3]

Senior Judge FLEMING and Judge POND concur.

---

[3] Block 8 of the Judgment of the Court is amended to read "Military Judge Alone."

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court